# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs September 16, 2010

## TOM AGNEW v. MERITAN, ET AL.

### Appeal from the Chancery Court for Sullivan County
No. K0036586(B)     R. Jerry Beck, Judge

---

### No. E2010-00527-COA-R3-CV - FILED NOVEMBER 29, 2010

---

In this matter, the plaintiff appeals the decision of the Board of Review of the Tennessee Department of Labor and Workforce Development that he is disqualified from receiving unemployment compensation benefits pursuant to Tenn. Code Ann. § 50-7-301, as a result of his failure to establish that he had covered wages not provided by an unemployment work-relief program financed by a federal agency under Tenn. Code Ann. § 50-7-207(c)(5)(G). The trial court upheld the decision of the Board of Review. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Tom Agnew, Kingsport, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solictor General, and Lindsey O. Appiah, Assistant Attorney General, Nashville, Tennessee, for the appellee Tennessee Department of Labor and Workforce Development.

## OPINION

## I. BACKGROUND

The appellant, Tom Agnew, filed his original claim for unemployment compensation in February 2009, with the Tennessee Department of Labor and Workforce Development ("the Agency"). Prior to filing his claim, Mr. Agnew's only employment in Tennessee was with Goodwill through Meritan as a dock worker from July 2007 through July 2008. Meritan

is a social service agency that places individuals 55 and older in part-time community service positions and assists them in transitioning to unsubsidized employment. Mr. Agnew was placed into his employment as part of the Senior Community Service Employment Program, which is federally funded by Title V pursuant to the Older Americans Act. Title V is listed as Mr. Agnew's employer on his W2 form.

The Agency denied Mr. Agnew's claim for benefits after finding that Mr. Agnew had no covered wages in the base period upon which the claim was based. Because Mr. Agnew was employed in an unemployment work-relief or work-training program assisted or financed in whole or in part by a federal agency or an agency of a state or political subdivision, any remuneration from this organization is not reportable for unemployment insurance purposes. Tenn. Code Ann. § 50-7-301.

In April 2009, the Appeals Tribunal conducted a hearing on Mr. Agnew's appeal. The Tribunal subsequently issued a decision affirming the Agency's decision that Mr. Agnew was disqualified from receiving benefits because he did not have base period wages upon which to qualify monetarily for unemployment benefits under Tenn. Code Ann. § 50-7-301. The Appeals Tribunal made the following findings:

FINDINGS OF FACT: The claimant's most recent employment prior to filing this claim was with Goodwill under Meritan, as a dock worker from July, 2007 through July, 2008. The claimant filed a wage protest because he was not granted any benefits.

The claimant was employed during the base period of October 1, 2007 through September 30, 2008, but no wages were reported because he was only employed by an unemployment work-relief or work training program assisted or financed in whole or in part by a federal agency or a state or political subdivision. Any remuneration from this organization is not reportable for unemployment insurance purposes.

CONCLUSIONS OF LAW: The Appeals Tribunal finds that [t]he claimant did not have covered wages not credited to his account. The issue is whether the claimant had covered wages that were not properly credited to the claimant under T.C.A. § 50-7-301, and is therefore eligible for [un]employment benefits based on covered wages. The claimant bears the burden of proof on this issue. The claimant failed to offer testimony to establish wages not provided by an unemployment work-relief program financed by a federal agency under T.C.A. § 50-7-207(c)(5)(G).

In May 2009, Mr. Agnew appealed the decision of the Appeals Tribunal to the Board of Review. Approximately two months later, the Board of Review adopted the Appeals Tribunal's findings and stated that, "it does not appear that [Mr. Agnew] has offered any new or additional proof . . . . We do not find sufficient reason to cause further proceedings to be held in this matter." Mr. Agnew then appealed the Board of Review's decision to the trial court. In a memorandum opinion dated February 5, 2010, the trial court dismissed Mr. Agnew's appeal, finding that "the administrative record contain[ed] substantial and material evidence to support the decision of the Board of Review and that the decision is supported by a reasonable basis in law." Mr. Agnew timely appealed to this court.

## II. ISSUE

The issue presented for review is whether there is substantial and material evidence in the administrative record, and a reasonable basis in law, to support the Board of Review's decision that Mr. Agnew is disqualified from receiving unemployment compensation benefits pursuant to Tenn. Code Ann. § 50-7-301, as a result of his failure to establish that he had covered wages not provided by an unemployment work-relief program financed by a federal agency under Tenn. Code Ann. § 50-7-207(c)(5)(G).

## III. STANDARD OF REVIEW

In an appeal from an agency decision concerning unemployment compensation, both the trial court and this court are obligated to apply the same standard. *Ford v. Traughber*, 813 S.W.2d 141, 144 (Tenn. Ct. App. 1991). The standard of review is set forth by Tenn. Code Ann. § 50-7-304(i)(2-3)(2008)[1] and reads in pertinent part:

> (2) The chancellor may affirm the decision of the board or the chancellor may reverse, remand or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> (A) In violation of constitutional or statutory provisions;
> (B) In excess of the statutory authority of the agency;
> (C) Made upon unlawful procedure;
> (D) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

---

[1]Will be amended effective January 1, 2011.

(E) Unsupported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. 50-7-304(i)(2). The statute directs that the court shall not substitute its "judgment for that of the board of review as to the weight of the evidence on questions of fact." Tenn. Code Ann. § 50-7-304(i)(3). The statute further provides that "[n]o decision of the board shall be reversed, remanded or modified . . . unless for errors which affect the merits of the final decision of the board. *Id.*

## IV. DISCUSSION

In order for an individual to be eligible for unemployment benefits, he must have been employed by an employer within the meaning of Tenn. Code Ann. § 50-7-207. Under this provision, an individual is not employed within the meaning of the statute and thus eligible for unemployment benefits if the individual's services were performed "as part of an unemployment work-relief or work-training program assisted or financed in whole or in part by any federal agency or an agency of a state or political subdivision of a state." Tenn. Code Ann. § 50-7-207(c)(5)(G).

As noted previously, Mr. Agnew was placed in his position by Meritan as part of the Senior Community Service Employment Program, which is funded by a federal agency. At every level of appeal, it has been determined that Mr. Agnew was employed as part of an unemployment work-relief program financed either wholly or in part by a federal agency. There is nothing in the record to lead us to conclude otherwise. Mr. Agnew's W2 form clearly indicates that he was employed by federally funded Title V.

There are two exceptions to the rule that individuals who are employed as part of a federally funded work-relief program are ineligible to receive unemployment benefits. The first exception occurs when the employing unit is liable for a federal tax on the remuneration paid for the service against which credit may be taken for premiums paid under this chapter. Tenn. Code Ann. § 50-7-207(c). While Mr. Agnew's W2 indicates that Title V deducted Medicare and Social Security, no taxes were withheld from his wages. The second exception occurs when state law mandates that employees of certain programs are entitled to unemployment benefits. We are unaware of any Tennessee law mandating that an individual in Mr. Agnew's situation is entitled to unemployment benefits. To the contrary, Mr. Agnew's employer is excluded pursuant to Tenn. Code Ann. § 50-7-207. Furthermore, Mr. Agnew was put on notice that he would not be entitled to unemployment benefits by the following provision in the Title V Participant Handbook he received: "UNEMPLOYMENT

INSURANCE – SCSEP participants are not covered by Unemployment Compensation insurance unless required by state law." We therefore must affirm the judgment of the trial court.

## V. CONCLUSION

The decision of the trial court is affirmed and the case is remanded. Costs on appeal are assessed to the appellant, Tom Agnew.

_____
JOHN W. McCLARTY, JUDGE